Fuld, J. (dissenting).
There can no longer be any doubt that section 605 of the Federal Communications Act is violated when a person—whether private individual or law enforcement official—taps telephone wires and discloses the contents of intercepted communications. (See Benanti v. United States, 355 U. S. 96, 105-106, n. 19; Pugach v. Dollinger, 277 F. 2d 739, affd. 365 U. S. 458.) Consequently, whether or not the decision in Mapp v. Ohio (367 U. S. 643) actually compels State courts to exclude evidence obtained in deliberate contravention of the *357 Federal statute, we should forthrightly hold, despite prior decisions (see, e.g., People v. Variano, 5 N Y 2d 391), that its use in the courts of New York is barred as a matter of New York law.
We have here the unusual circumstance that it is the very introduction of the wire-tapping evidence in open court, the very disclosure of the intercepted communication to the jury, which violates the Federal statute and constitutes the Federal crime. (See Benanti v. United States, 355 U. S. 96, 100, supra.) At the very least, “ the imperative of judicial integrity ” (Elkins v. United States, 364 U. S. 206, 222) commands exclusion of such evidence. Not alone the purposes of the exclusionary rule — deterring law enforcement officials from violating the law they are sworn to uphold and engendering respect for constitutional guarantee and statutory mandate—but, even more important, the necessity to avoid commission of a criminal act within the very room where the trial is being held demand that evidence obtained in violation of the Federal Communications Act be ruled inadmissible.
The circumstance that adoption of a rule excluding such testimony may, as I noted, in a somewhat different context, in People v. Lane (10 N Y 2d 347, 357, concurring opinion), ‘1 make it more difficult for police or prosecutors to gain convictions does not warrant its rejection. What is significant and decisive is that ‘ the imperative of judicial integrity ’ demands that the court should give sanction neither to illegal enforcement of the criminal law nor to the corrosive doctrine that the end justifies the means.”
I would reverse the judgments appealed from and direct a new trial.
Judges Dye, Froessel and Foster concur with Judge Van Voorhis; Judge Fuld dissents in an opinion in which Chief Judge Desmond and Judge Burke concur.
Judgments affirmed.